AO 102 (01/09) Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Tracking of )<br>*(Identify the person to be tracked or describe*<br>*the object or property to be used for tracking)*<br>and monitoring of Global Positioning Systems (GPS) )<br>information from 17 Sprint-Nextel cellular telephones )<br>described with particularity in Attachment "A"  ) | Case No. 3:10 mj 275<br>MICHAEL R. MERZ |

FILED
10 OCT 28 AM 9:59
MICHAEL R. MERZ
UNITED STATES
MAGISTRATE JUDGE

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of 21 U.S.C. §841(a)(1) and 846. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☑ Other: the phones to be tracked may be in this District and/or other Districts

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☑ property designed for use, intended for use, or used in committing a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ a person to be arrested or a person who is unlawfully restrained.

☐ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
Not Applicable as this is for an Order authorizing the monitoring of GPS information from the described cellular telephones

☐ Delayed notice of _____ days (give exact ending date if more than 30 days:  01/26/2011 ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*
Patrick Flood Special Agent DEA
*Applicant's printed name and title*

Sworn to before me and signed in my presence.

Date: October 28, 2010

*Judge's signature*
Hon. Michael R. Merz
*Printed name and title*

City and state: Dayton, Ohio

# AFFIDAVIT

## Attachment A to the application

Patrick Flood is a Special Agent for the Drug Enforcement Administration (DEA), United States Department of Justice, hereinafter referred to as the Affiant, being duly sworn, deposes as follows:

### INTRODUCTION

1. Your Affiant is a Special Agent for the United States Drug Enforcement Administration (DEA) within the meaning of Title 21, United States Code, Section 878. That is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 21, United States Code, Section 878. The information contained in this Affidavit is either personally known by your Affiant or relayed to your Affiant by other law enforcement officers involved in this investigation.

2. Your Affiant has been employed as a Special Agent with the Drug Enforcement Administration since January 1991. Your affiant was employed in this capacity in Newark, N.J. between January 1991 and July 2001. Between August 2001 and July 2007 your affiant worked at the Drug Enforcement Administration office in Sao Paulo, Brazil and since that time your affiant has worked at the Drug Enforcement office in Dayton, OH. Since 1991, your Affiant has been dedicated solely to the investigation of narcotics offenses and has spent a significant part of this time investigating international drug trafficking conspiracies. Your Affiant has been involved in narcotics-related arrests, executed search warrants that resulted in the seizure of narcotics, participated in undercover narcotics purchases, and supervised the activities of informants who have provided information and assistance in drug trafficking investigations of an international scope. Through training and experience, your Affiant is familiar with the manner in which persons involved in the illicit distribution of controlled substances often operate. These people usually attempt to conceal their identities, as well as the locations at which they reside and where they store controlled substances and the illegal proceeds derived there from. Through training and experience, your Affiant is familiar with the practices of narcotics distributors, whereby they attempt to conceal the true nature, source and location of proceeds of illegal activity, commonly referred to as money laundering.

3. This affidavit is filed pursuant to Federal Rule of Criminal Procedure 41(b) (to the extent applicable), Title 18 United States Code, Section 2703, and Title 28, United States Code, Section 1651, in support of an order authorizing the monitoring of GPS information from a cellular telephone. Your affiant is seeking authorization for Agents from the DEA to obtain real time data from Sprint-Nextel's Global Positioning Systems (GPS) contained within the cellular phones bearing Personal Telephone Number (PTN) 937 260-6085 (UFMI 122*47710*18 IMSI 316010003045065

316010153123233 subscribed to Jordan Kelly at 120 N Main St Centerville, OH) hereinafter referred to as **Target Telephone 2,** PTN 614 384-3028 (UFMI 137*133*6963 IMSI 316010153112593 subscribed to John Smith at PO Box 54988 Irvine, CA) hereinafter referred to as **Target Telephone 3**, PTN 770 274-8361 (UFMI 155*308*814 IMSI 316010150287191 subscribed to Johny Cash at 1210 N Main St Dayton, OH) hereinafter referred to as **Target Telephone 4**, PTN 937 260-5205 (UFMI 137*129*2254 IMSI 316010153104650 subscribed to Thomas Hill at 120 N Main St Dayton, OH) hereinafter referred to as **Target Telephone 5,** PTN 513 283-1800 (UFMI 137*130*2314 IMSI 316010153121637 subscribed to KJ JR at 2316 Salem Ave Dayton, OH) hereinafter referred to as **Target Telephone 6**, PTN 937 630-2517 (UFMI 137*132*13839 IMSI 316010153125486 subscribed to Kivin Johnson at PO Box 54988 Irvine, CA) hereinafter referred to as **Target Telephone 7,** PTN 330 352-7623 (UFMI 137*133*6973 IMSI 316010153112913 subscribed to Rocko Dadon PO Box 54988 Irvine, CA) hereinafter referred to as **Target Telephone 8,** PTN 619 805-9517 (UFMI 125*132*1650 IMSI 316010164596221 subscribed to Roy Flores at PO Box 54988 Irvine, CA) hereinafter referred to as **Target Telephone 9**, PTN 619 827-5365 (UFMI 125*135*16520 IMSI 316010164525031 subscribed to Juan Perez at 321 E San Ysidro Blvd San Ysidro, CA) hereinafter referred to as **Target Telephone 10**, PTN 619 341-7146 (UFMI 125*140*15629 IMSI 316010164618712 subscribed to Miriam Lopez at 2961 Beyer Blvd San Ysidro, CA) hereinafter referred to as **Target Telephone 11,** PTN 619 805-6800 (UFMI 125*138*15779 IMSI 316010164538879 subscribed to Jose Garcia at PO Box 54988 Irvine, CA) hereinafter referred to as **Target Telephone 12**, PTN 619 638-1634 (UFMI 125*144*12672 IMSI 316010154954851 subscribed to Juan Perez at 321 E San Ysidro Blvd San Ysidro, CA) hereinafter referred to as **Target Telephone 13,** PTN 619 365-7191 (UFMI 125*138*8945 IMSI 316010154974292 subscribed to Jose Macias at PO Box 54988 Irvine, CA) hereinafter referred to as **Target Telephone 14,** PTN 513 458-9092 (UFMI 137*129*3577 IMSI 316010153115902 subscribed to Abel Gutierrez at PO Box 54988 Irvine, CA) hereinafter referred to as **Target Telephone 15,** PTN 619 864-0923 (UFMI 122*47710*18 IMSI 316010003045065 subscribed to Altima America LLC at PO Box 436132 San Ysidro, CA) hereinafter referred to as **Target Telephone 16,** PTN 619 864-0425 (UFMI 122*43813*77 IMSI 316010003036684 subscribed to Altima America LLC at PO Box 436132 San Ysidro, CA) hereinafter referred to as **Target Telephone 17,** which are hereinafter referred to collectively as the **Target Telephones**.

4. Your Affiant believes there is probable cause set out below to believe that members of the Drug Trafficking Organization (DTO) as well as yet unknown members of the DTO are committing and will continue to commit the following offenses:

    a. Distribution of, and possession with intent to distribute heroin, in violation of Title 21, United States Code, Section 841(a);
    b. Importation of heroin, in violation of Title 21, United States Code, Section 952(a);
    c. Use of communications facilities to commit, facilitate, or further an act or acts which constitute a felony in violation of Title 21, United States Code, Section 843(b);
    d. Conspiracy to commit the foregoing offenses in Violation of Title 21, United States Code, Sections 846 and 963.

## FACTS

1. It is Your Affiant's belief that the Target Telephones, as described above, are being utilized by members of a Mexican drug trafficking organization (DTO) which produces heroin in Mexico and/or purchases heroin from Colombian sources of supply in Mexico. The Mexican DTO then smuggles the heroin into the United States, transports the heroin within the United States, stores the heroin in the United States and ultimately sells and delivers the heroin to customers in several cities in the United States, to include Dayton, OH. The Mexican DTO uses drug couriers to smuggle the heroin from Mexico into the United States. The drug couriers are supplied with heroin in Uruapan, Michoacan, Mexico by members of the DTO in Uruapan in preparation for their trip to the United States. The drug couriers ingest up to 50 pellets of heroin, each weighing approximately 14 grams, before embarking on their journey. The drug couriers board commercial airlines flights in Uruapan and travel to several cities in the United States, to include Dayton, OH, where they are met by other members of the DTO and where the distribution process in the United States begins. Your affiant also believes that the members of the Mexican DTO operating in Dayton, OH, and in other cities, collect the illegal proceeds of the sale of that heroin and arrange for its transport in bulk back to Mexico or arrange for the illegal proceeds to be sent to Mexico in smaller amounts via money remittance service providers. It is your affiant's belief that the members of this Mexican DTO use the Target Telephones to facilitate all aspects of this illegal enterprise.

2. Target Telephones 1 and 2 are believed to be used by Michael Stephens. Target Telephone 1 is currently the subject of a federal wiretap. Michael Stephens has been the only person intercepted using Target Telephone 1 since the initiation of the wiretap on October 19th. Your affiant believes based on what Stephens has said during several intercepted conversations over Target Telephone 1 and based on calling patterns for

Target Telephone 2 that Stephens is currently using Target Telephone 2 as well. Stephens is a customer of the aforementioned Mexican DTO who is believed to purchase kilogram quantities of heroin from the DTO. Stephens has been intercepted on multiple occasions over Target Telephone 1 during the past week speaking with the users of Target Telephones 3, 4, 5, 6, and 7. The intercepted conversations have centered on the trafficking of heroin in the Dayton, OH area. Based on the intercepted conversations between Stephens and the users of Target Telephones 3, 4, 5, 6, and 7 it is suspected that the users of these cellular phones are purchasing wholesale quantities of heroin directly from Stephens or are assisting him in the sale of heroin to other customers. Target Telephone 1 was in contact with Target Telephone 8 on 89 occasions between July 3 and October 17. It is suspected that the user of Target Telephone 8, like the users of Target Telephones 3, 4, 5, 6 and 7, is also a heroin customer of Stephens or someone who is assisting Stephens in the sale of heroin in the Dayton, OH area.

3. Your affiant has knowledge of 3 couriers working on the behalf of the Mexican DTO that have been arrested in 2010. Two (2) couriers were arrested in March 2010 in Carlsbad, CA, while enroute to Columbus, OH from Uruapan, Michoacan, Mexico, with approximately 1 kilogram of heroin. These 2 couriers were scheduled to deliver the heroin to Michael Stephens. Another courier was arrested in Cleveland, OH in July 2010 when his companion courier died when the heroin that the courier was carrying in his stomach poisoned and killed him. The dead courier was determined to be carrying approximately 500 grams of heroin at the time of his death. The arrested courier was determined to be carrying another 100 grams in his body at the time of his arrest. One of the couriers from the Carlsbad, CA arrest and seizure and one of the couriers from the Cleveland, OH arrest and seizure were in contact with Target Telephone 1 on multiple occasions prior to their respective arrests and the related seizures of heroin. Your affiant suspects, based on the ongoing wiretap of Target Telephone 1 and from information developed as a result of the arrests of the aforementioned couriers, that Stephens continues to receive heroin from couriers who arrive on commercial airlines flights from San Diego. Your affiant knows that all of the couriers arrested in 2010 were using cellular telephones with Southern California area codes. Target Telephones 1 and 2 have been in contact with several San Diego area code cellular telephones during the past several weeks. Your affiant suspects that the users of these San Diego cellular telephones are couriers working on behalf of the Mexican DTO. Stephens was intercepted over Target Telephone 1 on October 20th speaking with the user of Target Telephone 14. During the intercepted conversation Stephens and the user of Target Telephone 14 exchange greetings and acknowledge that Stephens had recently spoken with "Lionel". Stephens asks the user of Target Telephone 14 when he will be going back. The user of Target Telephone 14 responds that "Lionel" told him that "we would be taking off tomorrow". Stephens informs the

user of Target Telephone 14 that he just wanted to check on him and make sure he was alright. The user of Target Telephone 14 acknowledges Stephens effort to check on his well being and tells Stephens that "we are going to take care of you". Stephens tells the user of Target Telephone 14 that he will be waiting for him. Stephens asks the user of Target Telephone 14 to tell "Ray, what's up". The user of Target Telephone 14 tells Stephens that "Ray" is not there but that "Ray" sends his greetings as well. Your affiant believes that this call between Stephens and the user of Target Telephone 14 highlights the use of cellular communication between Stephens and multiple suspected couriers, namely the user of Target Telephone 14, "Lionel", and "Ray". Your affiant believes that Stephens inquires as to the couriers travel schedule during this conversation in an attempt to determine when the couriers will be bringing him additional heroin. Target Telephones 9, 10, 11, 12, 13 and 14 are San Diego area code cellular phones that your affiant believes are being used by couriers currently delivering heroin to Stephens on behalf of the Mexican DTO. Your affiant believes that is likely that in some instances 1 courier is using at least 2 of the San Diego area code phones. Stephens' phones, Target Telephones 1 and 2, have been in contact with Target Telephones 10, 11, 12, 13, and 14 on multiple occasions during the past month while Target Telephones 11, 12, 13 and 14 have been in contact with Target Telephone 9 on multiple occasions during the past month.

4. The suspected sources of supply for the Mexican DTO are based in Mexico and are believed to be operating from the area of Uruapan, Michoacan, Mexico. The suspected sources are believed to be using Target Telephones 16 and 17. Target Telephones 16 and 17 are subscribed to Altima America LLC PO Box 436132 San Ysidro, CA. Your affiant is aware that several phones subscribed to Altima America LLC have been used by suspected members of the Mexican DTO in the past. Target Telephones 1 and 2 have been in contact with Target Telephones 16 and 17 on several occasions during the past several weeks. It is suspected that Stephens uses Target Telephones 1 and 2 to communicate with the suspected sources of the Mexican DTO in Uruapan, Michoacan, Mexico for the purpose of ordering quantities of heroin, arranging the travel of couriers, and arranging the payment of monies owed. Target Telephones 12 and 13 have also been in contact with Target Telephone 16 during the past few weeks, suggesting the use of Target Telephone 16 in arranging the coordination of courier travel.

5. The Mexican DTO is believed to employ Mexican nationals who reside in the Dayton, OH area to facilitate the delivery of heroin to customers in Ohio. Your affiant knows from surveillance and from cooperating witnesses that the local Mexican nationals pick couriers up at Ohio airports, place them in local hotels, collect the heroin they pass through their systems, and then arrange the delivery of that heroin to customers. Target Telephone 15 is subscribed to Abel Gutierrez at PO Box 54988 Irvine, CA and

is believed to be used by one of the Mexican nationals employed by the DTO in Ohio, namely Jorge RUIZ-Diaz. Target Telephone 15 has been in contact with Target Telephone 16, a phone used by a suspected source of supply in Mexico, and Target Telephone 13, a phone used by a suspected courier, in the recent past.

6. Due to the ongoing nature of this investigation your Affiant believes that disclosure of any GPS monitoring, as authorized by this Court, would have an adverse result namely, flight from prosecution, destruction of or tampering with evidence, and would otherwise seriously jeopardize this investigation.

7. It is Your Affiant's belief that the Target Telephones are utilized by members of an Uruapan, Michoacan, Mexico based DTO that is supplying heroin to the illegal drug market in Dayton, OH and to illegal drug markets in other U.S. cities as well. It is your affiant's belief that the users of the Target Telephones are using these devices to further their criminal activities and to commit the offenses listed in introductory paragraph 4 (a) (b) (c) and (d). It is further believed by your Affiant that having the ability to monitor the internal GPS feature of the Target Telephones will provide your Affiant and other DEA Agents with information which leads to the identification and location of the users of the Target Telephones, the identification of other co-conspirators, locations of narcotics and the related proceeds, shipment times and dates of narcotics being brought into the Dayton, Ohio area, and safe houses used by members of the DTO to store narcotics and money.

_____
Patrick Flood, Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me this
26th day of October 2010.

_____
Honorable Michael R. Merz
United States Magistrate Judge

6